In the Matter of the Application of WILLIAM J. SLOANE and Others, Composing the Firm of SLOANE, MOLLER & KRAUS, Appellants, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals, and WALTON-WHYTE REALTY Co., INC., Intervenor, Respondents.

First Department, June 4, 1926.

**Municipal corporations — zoning ordinances — application to erect garage for more than five automobiles in business district in New York city — consent of owner affected may be withdrawn before hearing on application — board of standards and appeals had no jurisdiction under Building Zone Resolution, § 7, subd. g, where withdrawn consent left less than eighty per cent of affected area consenting — determination of board of standards and appeals granting permit was not made under Building Zone Resolution, § 21, authorizing variation.**

The board of standards and appeals of New York city was without jurisdiction under subdivision g of section 7 of the Building Zone Resolution to grant the application of a property owner for permission to erect a garage for more than five automobiles in a business district, since it appears that one of the owners

of property affected withdrew his consent before the hearing on the application, thereby leaving less than eighty per cent of the affected area consenting.

A consent by an owner of property, given under subdivision g of section 7 of the Building Zone Resolution without consideration, and in reliance on which no change of position has been made by the one to whom the consent was given, may be withdrawn at any time before being acted upon by the board, without regard to the owner's reasons or motives for so doing.

The record shows that the board of standards and appeals in granting the permission for the erection of the garage in question did not act under section 21 of the Building Zone Resolution, which authorized a variation in case of practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the Building Zone Resolution, but granted the application under subdivision g of section 7, and since it was without jurisdiction to do so because of the withdrawn consent, the permission was illegally granted.

APPEAL by the petitioners, William J. Sloane and others, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 19th day of February, 1926, dismissing a certiorari order and confirming the decision of the board of standards and appeals granting a variation of the Building Zone Resolution so as to permit the erection of a garage for more than five cars on Jerome avenue, New York city, near East One Hundred and Eighty-first street.

*William Burr De Lacy* of counsel [*Bertram L. Kraus* with him on the brief], for the appellants.

*Willard S. Allen* of counsel [*John F. O'Brien* and *William T. Kennedy* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondents William E. Walsh and others.

*John Kadel* of counsel [*David C. Broderick* with him on the brief; *Broderick, Stern & Lally*, attorneys], for the intervenor, respondent.

WAGNER, J.   The Walton-Whyte Realty Co., Inc., the intervenor, respondent here, is the owner of the vacant premises situate on the east side of Jerome avenue 350 feet south of the corner formed by the intersection of East One Hundred and Eighty-first street and Jerome avenue.   The use district maps accompanying the Building Zone Resolution show that Jerome avenue and East One Hundred and Eighty-first street are in a business district.

The Walton-Whyte Realty Co., Inc., made application to the superintendent of buildings, borough of The Bronx, for a permit to erect and maintain a garage for the storage of more than five motor vehicles on the said premises, and on May 9, 1925, said application was denied on the ground that the " erection of a proposed garage for storage of more than five motor vehicles in business district is contrary to provisions of Building Zone Resolution."   (Amended Building Zone Resolution, art. 2, § 4, subd. a, ¶ 15, adopted October 3, 1924.)

Thereafter on May 13, 1925, the intervenor realty company made application to the board of appeals, which on June 19, 1925, was superseded by the board of standards and appeals (New York Local Laws of 1925, No. 13), for a variation from the requirements of section 4 of the Building Zone Resolution under the discretionary power vested in said board under section 7, subdivision (g), and section 21 of the Building Zone Resolution to permit the erection of a public garage for more than five motor vehicles in a business district in accordance with the plans previously filed with the superintendent of buildings of The Bronx.

On November 4, 1925, after several adjournments the matter came on for final hearing before the board and a resolution was adopted granting the owner's application by a vote of four affirmative votes to one negative, the resolution then adopted reading, in part:

" Whereas, the proposed building is of non-fireproof construction, two stories in height, with a frontage of 150 ft. and a depth of 100.94 ft.; to be occupied as a garage for the storage of more than five motor vehicles; and

" Whereas, the applicant having complied with specific rules and regulations as laid down by the Zoning Regulations under rules of exceptions affecting an application under Section 7-G and in support of this application on the theory of hardship, Section 21 (being the fee owner of the property), irrespective of the subsequent withdrawal of consents after the presentation of the appeal.

" *Resolved,* that the Board of Standards and Appeals does hereby make a variation in the application of the use district regulations of the Building Zone Resolutions, and that the application be and it hereby is granted," upon certain conditions respecting the character and construction of the building.

Section 7, subdivision (g), of the Amended Building Zone Resolution as adopted October 3, 1924, provides, in part:

" § 7. Use District Exceptions. The Board of Appeals, created by chapter 503 of the Laws of 1916 [now Board of Standards and Appeals], may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows:   *   *   *

" (g) Permit in a business or residence district the erection of a garage provided the petitioner files the consents duly acknowledged of the owners of 80 per cent. of the frontage deemed by the Board to be immediately affected by the proposed garage. Such permit shall specify the maximum size or capacity of the garage

and shall impose appropriate conditions and safeguards upon the construction and use of the garage." (See Cosby's Code of Ordinances [1926], p. 652; New York Local Laws of 1925, No. 13.)

The appellant contends that the board lacked jurisdiction to grant the application under section 7, subdivision (g), because there were not on file with the board at any time and especially on November 4, 1925, when the matter was finally heard and determined by the board " the consents duly acknowledged of the owners of 80 per cent of the frontage deemed by the board to be immediately affected by the proposed garage."

By resolution adopted July 28, 1925, the board of standards and appeals fixed an area deemed to be affected by said application. Prior to October 9, 1925, the date when the application first came on for hearing before the board, the engineer of the said board made a report to the board that consents in proper form were on file from owners of at least eighty per cent of the area affected.

The matter was finally heard and determined by the board of standards and appeals on November 4, 1925, at which time the board were advised and had knowledge of the fact that one of the filed consents had been signed by a person covering property of which he was not the owner at the time the consent was signed and filed and that another of the consenting owners had given formal notice to the board of his withdrawal of such consent with the result that the remaining consents filed with the board represented less than eighty per cent of the owners of the frontage in the affected area as fixed by the resolution of the board.

The consent of a property owner to the building of a garage, given without consideration, and in reliance on which no change of position has been made by the one to whom the consent was given, may be effectually withdrawn at any time before being acted upon by the board, and the owner's reasons or motives in withdrawing such consent are immaterial. (*Matter of Adriance,* 59 App. Div. 440; *People ex rel. Brennan* v. *Walsh,* 195 N. Y. Supp. 264.)

The board of standards and appeals, accordingly, was without jurisdiction to consider and determine this application under section 7, subdivision (g), on November 4, 1925, as the prescribed prerequisite, namely, the consent of not less than eighty per cent of the property owners affected, was lacking.

The power of the board of standards and appeals to vary the application of the use district regulations, however, is not confined to section 7, subdivision (g), and the owner here contends that having made his application, not only under section 7, subdivision (g), but also under section 21 of the Building Zone Resolution, the

determination of the board should be upheld as a proper exercise of their discretionary powers under section 21.

This requires an examination of the record to determine the question whether the board based its determination under section 21 and not under section 7, subdivision (g).

Section 21 of the Amended Building Zone Resolution as adopted October 3, 1924, provides in part as follows:

" § 21. Rules and Regulations; Modifications of Provisions. The Board of Standards and Appeals, created by chapter 503 of the Laws of 1916, shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this Resolution. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this Resolution the Board of Appeals [now Board of Standards and Appeals] shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done. * * *." (See Cosby's Code of Ordinances [1926], p. 661.)

An examination of the record herein demonstrates that this application was not determined by the board on the ground that practical difficulties or unnecessary hardships existed in this specific case.

The chairman stated: " So far as the hardship element is concerned, we could not consider it on that ground alone, because we denied it under hardship once before. * * *

" On the basis of hardship, the applicant hasn't any grounds for the application whatsoever. We have had a number of cases of hardship on Jerome Avenue and I have contended that the elevated structure or vacant property was no cause for hardship."

Fire Chief Kenlon stated: " The fact is, there is a station at 181st Street and when people say they can't put up an apartment house to pay I can't understand that. How about Columbus Avenue, Third Avenue, where I live and some of you may have lived, and they are getting $20 to $22 a room on Columbus Avenue."

Commissioner Connell: " I agree with you [Fire Chief Kenlon] on the question of hardship, I am only checking the 80 per cent proposition."

Commissioner Connell further stated " that he voted yes on the application upon the theory that 80 per cent of consents of the property owners affected by the application had been filed, and that he would not vote in favor of the same, if considered under section 21, the general hardship section, alone."

These excerpts from the record sufficiently establish that three

of the five members of the board thus clearly indicated that they were opposed to granting the application under section 21, and a careful reading of the entire record makes it manifest that the board at no time seriously considered the intervenor's application from the viewpoint of " practical difficulties or unnecessary hardships." Besides there was no evidence adduced to support a finding that practical difficulties or unnecessary hardships existed.

We conclude that the board did not base their determination under section 21, and lacking the necessary eighty per cent of consents of property owners, they had no jurisdiction or power to act under section 7, subdivision (g).

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellants against the intervenor, respondent, the order of certiorari sustained and the determination of the board of standards and appeals vacated and set aside, with fifty dollars costs to the appellants against said respondent.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements to appellants against intervenor, respondent, order of certiorari sustained, and determination vacated, with fifty dollars costs to appellants against said respondent.